UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES KIRK, on behalf of himself and others similarly situated,

    Plaintiff,

v.                        Case No: 2:14-cv-639-FtM-29CM

DR. GOODROOF, INC., a Florida profit corporation and IAN MCLELLAN, individually,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members (Doc. #15) filed on December 19, 2014. Defendants filed a Response (Doc. #24) on January 23, 2015 to which Plaintiff filed a Reply (Doc. #27) on February 23, 2015. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Plaintiff James Kirk (Plaintiff or Kirk) has filed a Complaint (Doc. #1) against Defendants Dr. Goodroof, Inc. (Goodroof) and Ian McLellan (McLellan), on his own behalf and on behalf of other similarly situated individuals, for overtime and minimum wage compensation relief under the Fair Labor Standards Act (FLSA). On

November 17, 2014, Frank McLucas (McLucas) filed a Consent to Join the case. (Doc. #12-1.) To date, no others have joined Kirk and McLucas as Plaintiffs. The underlying facts, as set forth in the Complaint, are as follows:

From September 2013 to May 2014, Kirk worked for Goodroof as a non-exempt roofer and laborer. (Doc. #1, ¶ 21.) During that time, Kirk alleges that he and other similarly situated Goodroof employees regularly worked in excess of 40 hours per week but were not paid for all hours worked and did not receive overtime compensation. (Id. at ¶¶ 19-25.) The Complaint describes the similarly-situated Goodroof employees as those who held jobs similar to Kirk and did not receive minimum waged and/or overtime compensation as required by the FLSA. (Id. at ¶ 19.) Kirk now seeks conditional certification as a collective action and requests that the Court facilitate notice to potential collective action plaintiffs.

**II.**

An action to recover unpaid overtime compensation under the FLSA may be maintained "against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed

in the court in which such action is brought." 29 U.S.C. § 216(b). The purpose of such a collective action is "to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." Prickett v. Dekalb County, 349 F.3d 1294, 1297 (11th Cir. 2003).

To demonstrate that plaintiffs are "similarly situated", an opt-in plaintiff "need show only that their positions are similar, not identical, to the positions held by the putative class members." Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001) (quotations and citations omitted). The Eleventh Circuit has adopted a two-tiered approach to certification, as described in Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995):

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant

>     usually filed after discovery is largely complete
>     and the matter is ready for trial . . . .

Hipp, 252 F.3d at 1218.

Before providing notice, a plaintiff must offer a "reasonable basis" for his assertion that there are other similarly situated employees who desire to opt-in. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008); Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991). At this stage, the Court applies a "fairly lenient standard", Anderson v. Cagle's Inc., 488 F.3d 945, 953 (11th Cir. 2007), although there must be more than counsel's unsupported assertions, Morgan, 551 F.3d at 1261. "Evidence of similarly situated employees who desire to opt in may be based on affidavits of other employees, consents to join the lawsuit filed by other employees, or expert evidence on the existence of other similarly situated employees," but "plaintiff's or counsel's belief in the existence of other employees who desire to opt in and unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification of a collective action and notice to a potential class." Hart v. JPMorgan Chase Bank, N.A., No. 12-CV-00470, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012) (internal citations and quotations omitted).

## III.

In support of his assertion that there are additional similarly situated individuals who wish to opt-in, Plaintiff offers the following evidence: (1) the fact that McLucas has already joined the lawsuit; (2) Kirk's and McLucas's testimony that all Goodroof hourly employees were subject to the same employment policies; (3) Kirk's and McLucas's testimony that they know of other Goodroof hourly employees who did not receive proper overtime and minimum wage compensation; and (4) Kirk's and McLucas's testimony that they "know that if other hourly employees of the Defendants get notice of this lawsuit, they will want to join as well." (Docs. ##15-1; 15-2.) Under the "fairly lenient standard" appropriate at this stage of the proceedings, the Court is satisfied that Plaintiff has provided a reasonable basis for his assertion that there are additional similarly situated individuals who wish to opt-in. Accordingly, conditional certification is warranted and the Court will now address the definition of the putative class and the substance of the notice to be sent to putative class members.

## IV.

**A. Definition of the Putative Class**

The Complaint does not allege precisely how Defendants violated the FLSA. Instead, it asserts in general terms that Defendants failed to pay their hourly employees for all hours

worked and failed to provide overtime compensation for hours worked in excess of 40 per week.  (Doc. #1, ¶ 19.)  Similarly, Plaintiff's proposed Notice characterizes the lawsuit as alleging that Defendants violated the FLSA "by failing to calculate the proper amount of wages due including overtime compensation, if applicable and not paying employees for all hours worked and/or failing to pay minimum wages for all hours worked including overtime wages for hours worked over forty (40) in a workweek."  (Doc. #15-4, p. 1.)  The Court rejects this excessively broad definition of the putative class because it does not sufficiently identify the employment policies and practices at issue.  However, Kirk and McLucas do provide the necessary detail in their Declarations.

In their Declarations, Kirk and McLucas explain that their regular work schedule began at 6:00 a.m. but that they were not paid for work they performed prior t0 6:30 a.m.  (Docs. #15-1; 15-2.)  Likewise, Plaintiff's Reply in support of the instant motion explains that Defendants are alleged to have violated the FLSA by requiring their hourly employees to arrive 30 minutes before their shift without compensating the employees for such "pre-shift" work.  Plaintiff further alleges that Defendants' FLSA violations were willful.  (Doc. #1, ¶¶ 31, 39.)  Willful FLSA violations are subject to a three-year statute of limitations.  <u>Kaplan v. Code Blue Billing & Coding, Inc.</u>, 504 F. App'x 831, 833 (11th Cir. 2013).  This means that a putative class member may pursue a claim

for an FLSA violation that occurred within the three years prior to the filing of his or her consent to join. Abdul-Rasheed v. KableLink Commc'ns, LLC, No. 13-CV-879, 2013 WL 5954785, at *3 (M.D. Fla. Nov. 7, 2013). Therefore, the Court grants conditional certification for the class of individuals who (1) worked for Defendants as non-exempt hourly employees during the past three years;[1] (2) were required to arrive at their job before their shift began; and (3) did not receive minimum wage and/or overtime compensation for their pre-shift work. In accordance with the above, Plaintiff shall file a revised proposed Notice on or before March 27, 2015. Defendants shall file any objections to Plaintiff's revised proposed Notice on or before April 10, 2015.

**B.   Posting the Notice in Defendants' Locations**

Defendants' sole remaining objection is to Plaintiff's request that Defendants post a copy of the Notice in their locations. Such requests are routinely granted and the Court sees no reason to divert from that standard practice in this case. See, e.g., Fiore v. Goodyear Tire & Rubber Co., No. 09-CV-843, 2011 WL 867043, at *4 (M.D. Fla. Mar. 10, 2011). Accordingly, assuming the Court approves a revised Notice, Defendant shall post

---

[1] As a putative class member cannot consent to join the lawsuit until he or she is given notice of it, the Court will permit Plaintiff to provide the Notice to any putative class member who worked for Defendants during the three years prior to the date the Notice is mailed. Abdul-Rasheed, 2013 WL 5954785, at *3.

a copy of the approved Notice in each of its locations where a putative class member is employed, in a conspicuous place where putative class members are likely to see it.

**C.   Notice-Related Discovery**

Plaintiff requests that Defendants provide Plaintiff with contact information for members of the conditionally-certified class in order to facilitate notice of the lawsuit.  Defendants did not object to this request.  The Court agrees with Plaintiff that limited notice-related discovery is appropriate here.  To the extent Defendants are in possession of such information, they must provide Plaintiff with a list of putative class members' names, addresses, and e-mail addresses on or before April 10, 2015.

Accordingly, it is hereby

**ORDERED:**

1.   Plaintiff's Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members (Doc. #15) is **GRANTED in part and DENIED in part.**

2.   Conditional certification is granted for the putative class of individuals who (1) worked for Defendants as non-exempt hourly employees during the past three years; (2) were required to arrive at their job before their shift began; and (3) did not receive minimum wage and/or overtime compensation for their pre-shift work.

3.   In accordance with this Order, Plaintiff shall file a revised proposed Notice on or before on or before March 27, 2015.

4.   Defendants shall file any objections to Plaintiff's revised proposed Notice on or before April 10, 2015.

5.   Defendants shall provide Plaintiff with a list of putative class members' names, addresses, and e-mail addresses on or before April 10, 2015.

**DONE AND ORDERED** at Fort Myers, Florida, this ___13th___ day of March, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record