UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES KIRK, on behalf of himself
and others similarly situated

      Plaintiff,

v.                                                                   Case No:   2:14-cv-639-FtM-29CM

DR. GOODROOF, INC. and IAN
MCLELLAN,

      Defendants.

_____

## ORDER

Before the Court are Plaintiff's Motion for Leave to Amend Plaintiff's Motion

for Collective Action and to Stay the Court's Order Authorizing Notice to the Putative

Class Members (Doc. 33), filed on April 22, 2015; and Defendants' Unopposed Motion

to Meet and Confer Telephonically (Doc. 34), filed on April 22, 2015.

The Court notes that Plaintiff's Motion for Leave does not comply with Middle

District of Florida Local Rule 3.01(g), which states that the moving party *shall* confer

with counsel for the opposing party before filing any motion in a civil case, except

certain motions not presently before the Court. Therefore, the Court will deny

Plaintiff's Motion for Leave without prejudice to be refiled in accordance with the

Local Rules.

Defendant's Unopposed Motion requests that counsel be permitted to meet

telephonically to conduct the settlement conference required by the Court's FLSA

Scheduling Order (Doc. 28), entered in this case on February 27, 2015.   Doc. 34.

That Order states "all counsel and any unrepresented parties shall meet and confer *in person* in a good faith effort to settle all pending issues, including attorneys' fees and costs . . . and shall set aside sufficient time for a thorough, detailed, and meaningful conference that is calculated to fully resolve the case by agreement."  *Id.* at 3.

The parties seek permission to meet telephonically because counsel for Plaintiff is located in Cape Coral, Florida and counsel for Defendant is located in Boca Raton, Florida.   Doc. 34 at 1.   The Court acknowledges that the Local Rules encourage telephonic meetings whenever possible; the Local Rules, however, also require in-person attendance at mediation.   M.D. Fla. Rules 3.01(i), 9.05(c).   While the FLSA settlement conference is not formal mediation, it may occur in addition to or, if successful, in lieu of formal mediation, and the Court believes that settlement efforts are most effective when conducted in person.   Thus, the Court will deny the motion.  *See Rafer v. Pursley*, No. 8:09-cv-109-T-33TGW, 2009 WL 1913272, at *1 (M.D. Fla. July 1, 2009) (declining to adjust the in-person requirement for settlement conferences "due to the slight inconvenience posed by interstate travel.").

ACCORDINGLY, it is hereby

**ORDERED:**

1.    Plaintiff's Motion for Leave to Amend Plaintiff's Motion for Collective Action and to Stay the Court's Order Authorizing Notice to the Putative Class Members (Doc. 33) is **DENIED without prejudice** to be refiled in accordance with the Local Rules.

2.      Defendants' Unopposed Motion to Meet and Confer Telephonically (Doc. 34) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 24th day of April, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record