## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JAMES KIRK, on behalf of himself
and others similarly situated

      Plaintiff,

v.                                                        Case No:   2:14-cv-639-FtM-29CM

DR. GOODROOF, INC. and IAN
MCLELLAN,

      Defendants.

_____

### ORDER

      Before the Court is Defendants' Unopposed Motion to Reconsider this Court's April 24, 2015 Order Denying Defendants' Motion to Meet and Confer Telephonically, or Alternatively, to Waive the Meet and Confer Requirement in Lieu of Scheduling a Formal Settlement Conference (Doc. 38), filed on April 29, 2015.   Defendants request the Court to reconsider the Defendants' request to meet and confer in person for the FLSA settlement conference because of the approximately $2,000 in attorneys' fees that would be incurred if defense counsel has to travel.[1]   Doc. 38.   Alternatively, Defendants request to forego the meet and confer settlement conference and schedule a formal mediation in lieu thereof.

---

[1] While the Court recognizes the costs associated with travel, the Court notes that defense counsel is free to negotiate or even waive the fees associated with travel or find a more central location to meet to share the costs of travel.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. *Carter v. Premier Rest. Mgmt.*, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).

A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has already determined. *Carter*, 2006 WL 2620302, at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (citing *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cnty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the

limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302, at *1.

The Court reviewed Defendants' motion and the grounds upon which they assert that the Court should allow the parties to meet and confer telephonically. The Court stills finds that allowing the parties to meet telephonically in lieu of an in-person meeting is not warranted in this case. Defendants have not set forth any new facts or law to convince the Court to reverse its prior decision. Additionally, the FLSA scheduling order, entered on February 27, 2015, clearly states that all counsel and any unrepresented persons shall meet and confer in-person. Doc. 28. The parties are free to discuss settlement by phone, but these discussions do not waive the in-person requirement set forth in the scheduling order. The Court will, however, extend the deadline for the parties to meet and confer in person for the settlement conference.

ACCORDINGLY, it is hereby

**ORDERED:**

1.    Defendants' Unopposed Motion to Reconsider this Court's April 24, 2015 Order Denying Defendants' Motion to Meet and Confer Telephonically, or Alternatively, to Waive the Meet and Confer Requirement in Lieu of Scheduling a Formal Settlement Conference (Doc. 38) is **DENIED**.

2.    The parties will have up to and including **May 18, 2015** to meet and confer in person for the settlement conference.

3.     All other deadlines and directives set forth in the FLSA Scheduling Order (Doc. 28) remain unchanged.

**DONE** and **ORDERED** in Fort Myers, Florida on this 1st day of May, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record