UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES KIRK, on behalf of
himself and others similarly
situated,

        Plaintiff,

v.                        Case No: 2:14-cv-639-FtM-29CM

DR. GOODROOF, INC., a
Florida profit corporation
and IAN MCLELLAN,
individually,

        Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Amended Motion to Conditionally Certify FLSA Collective Action (Doc. #77) filed on August 11, 2015. Defendant filed a Response (Doc. #79) on August 24, 2015. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Plaintiff James Kirk (Plaintiff or Kirk) has filed a Complaint (Doc. #1) against Defendants Dr. Goodroof, Inc. (Goodroof) and Ian McLellan (McLellan), on his own behalf and on behalf of other similarly situated individuals, for overtime and minimum wage compensation relief under the Fair Labor Standards Act (FLSA). On December 19, 2014, Plaintiff filed a Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential

Class Members (Doc. #15).   In its March 13, 2015 Opinion and Order (Doc. #29), the Court granted conditional certification for the putative class of individuals who (1) worked for Defendants as non-exempt hourly employees during the past three years; (2) were required to arrive at their job before their shift began; and (3) did not receive minimum wage and/or overtime compensation for their pre-shift work.   (Id.)   The Court directed Plaintiff to file a proposed notice to putative class members in accordance with that Opinion and Order.   (Id.)   Plaintiff filed its Proposed Notice of Collective Action (Doc. #30-1) on March 20, 2014, and Defendants were given until April 10, 2015 to file any objections.   No objections were filed and, on April 16, 2015, the Court authorized Plaintiff to provide notice of this lawsuit to putative class members on or before April 30, 2015.   (Doc. #32.)

One day later, Plaintiff moved to amend his motion to conditionally certify a collective action in order to expand the definition of the putative class.   (Doc. #33.)   According to Plaintiff, further review of Defendants' time records revealed that Defendants automatically deducted for a 30 minute lunch break but employees were not permitted to take the break, and that Defendants did not compensate employees for post-shift work. (Id.)   As a result, Plaintiff sought leave to file an amended conditional certification motion in order to include the

additional alleged off-the-clock work in the definition of the putative class. (Id.)

While the motion for leave to amend was pending, Plaintiff proceeded to notify putative class members of this lawsuit. (Doc. #37.) However, as the Court's April 16, 2015 Order (Doc. #32) authorizing notice was entered *before* Plaintiff moved for leave file an amended motion for conditional certification, the Court-approved notice mailed to putative class members addressed Plaintiff's claim for unpaid pre-shift work only. Multiple opt-in Plaintiffs have joined this lawsuit pursuant to that notice. (See Docs. ##40, 43, 45-46, 51, 53-54, 58-63.) Defendants never responded to Plaintiff's motion, and the Magistrate Judge granted Plaintiff leave to file an amended motion for conditional certification on August 11, 2015. (Doc. #76.) Pursuant to that Order, Plaintiff's Amended Motion to Conditionally Certify FLSA Collective Action (Doc. #77) was officially filed on August 11, 2015. In the motion, Plaintiff seeks conditional certification as a collective action for the expanded definition of the putative class and requests that the Court facilitate notice to potential collective action plaintiffs.

## II.

An action to recover unpaid overtime compensation under the FLSA may be maintained "against any employer (including a public agency) in any Federal or State court of competent jurisdiction by

any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). In order to obtain conditional certification, a plaintiff must offer a "reasonable basis" for his assertion that there are other similarly situated employees who desire to opt-in. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008); Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991). As detailed in the Court's March 13, 2015 Opinion and Order, Plaintiff has met this burden. (Doc. #29.) Indeed, as additional Plaintiffs have opted into this lawsuit since March 13th, the evidence supporting conditional certification is stronger now than it was then. Accordingly, the Court grants conditional certification for the class of individuals who worked for Defendants as non-exempt hourly employees during the past three years and (1) were required to arrive at their job before their shift began and did not receive minimum wage and/or overtime compensation for their pre-shift work (a Pre-Shift Claim); (2) were required to remain at their job after their shift ended and did not receive minimum wage and/or overtime compensation for their post-shift work (a Post-Shift Claim); and/or (3) had a thirty-minute lunch break deducted from their time records but were not permitted to take a lunch break (a Lunch Break Claim).

This expanded definition of the putative class necessitates sending an additional notice to putative class members. However,

neither Plaintiff's proposed notice (Doc. #77-4) nor Defendants' objections (Doc. #79, pp. 5-8) suggest how the forthcoming notice should be modified to account for the fact that putative class members were already granted the opportunity to opt into this lawsuit to assert Pre-Shift Claims.  Accordingly, Plaintiff shall file a revised proposed notice on or before September 16, 2015. Defendants shall file any objections to Plaintiff's revised proposal on or before September 30, 2015.  Plaintiff's revised proposed notice and Defendant's objections shall be accompanied by memoranda addressing how this case should proceed in light of the fact that putative class members have already received notice of Plaintiff's Pre-Shift Claim.  For example, the parties should address whether opt-in Plaintiffs who have joined this lawsuit for their Pre-Shift Claims need to opt-in once again in order to assert Post-Shift and Lunch Break Claims.  Similarly, the parties should address whether Plaintiffs who opt-in pursuant to the forthcoming notice can assert Pre-Shift Claims even if they chose _not_ to opt-in after receiving the prior notice.

Accordingly, it is hereby

**ORDERED:**

1.   Plaintiff's Amended Motion to Conditionally Certify FLSA Collective Action (Doc. #77) is **GRANTED in part and DENIED in part.**

2.   Conditional certification is granted for the putative class of individuals who worked for Defendants as non-exempt hourly

employees during the past three years and (1) were required to arrive at their job before their shift began and did not receive minimum wage and/or overtime compensation for their pre-shift work; (2) were required to remain at their job after their shift ended and did not receive minimum wage and/or overtime compensation for their post-shift work; and/or (3) had a thirty-minute lunch break deducted from their time records but were not permitted to take a lunch break.

3.    In accordance with this Order, Plaintiff shall file a revised proposed notice on or before September 16, 2015.

4.    Defendants shall file any objections to Plaintiff's proposal on or before September 30, 2015.

**DONE and ORDERED** at Fort Myers, Florida, this   2nd   day of September, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record