```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

JAMES KIRK, on behalf of himself and others similarly situated,

       Plaintiff,

v.                                    Case No: 2:14-cv-639-FtM-29CM

DR. GOODROOF, INC., a Florida profit corporation and IAN MCLELLAN, individually,

       Defendants.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Amended Notice of Collective Action (Doc. #84) filed on September 2, 2015 and Defendants' Response (Doc. #85) filed on September 28, 2015.

## I.

Plaintiff James Kirk (Plaintiff or Kirk) has filed a Complaint (Doc. #1) against Defendants Dr. Goodroof, Inc. (Goodroof) and Ian McLellan (McLellan), on his own behalf and on behalf of other similarly situated individuals, for overtime and minimum wage compensation relief under the Fair Labor Standards Act (FLSA). On December 19, 2014, Plaintiff filed a Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members (Doc. #15). In its March 13, 2015 Opinion and Order (Doc. #29), the Court granted conditional certification for the putative class of individuals who did not receive minimum wage

and/or overtime compensation for their pre-shift work.  (Id.)  The Court directed Plaintiff to file a proposed notice to putative class members in accordance with that Opinion and Order.  (Id.) Plaintiff filed its Proposed Notice of Collective Action (Doc. #30-1) on March 20, 2014, and Defendants were given until April 10, 2015 to file any objections.  No objections were filed and, on April 16, 2015, the Court authorized Plaintiff to provide notice of this lawsuit to putative class members on or before April 30, 2015.  (Doc. #32.)

One day later, Plaintiff moved to amend his motion to conditionally certify a collective action in order to expand the definition of the putative class.  (Doc. #33.)  According to Plaintiff, further review of Defendants' time records revealed that Defendants automatically deducted for a 30 minute lunch break but employees were not permitted to take the break, and that Defendants did not compensate employees for post-shift work. (Id.)  As a result, Plaintiff sought leave to file an amended conditional certification motion in order to include the additional alleged off-the-clock work in the definition of the putative class.  (Id.)

As a result of the pending motion for leave to amend, the Magistrate Judge stayed the Court's Order authorizing notice to putative class members.  (Doc. #36.)  Disregarding the stay, Plaintiff proceeded to notify putative class members of this

lawsuit. (Doc. #37.) Because the Court's April 16, 2015 Order (Doc. #32) authorizing notice was entered *before* Plaintiff moved for leave file an amended motion for conditional certification, the notice Plaintiff mailed to putative class members addressed Plaintiff's claim for unpaid pre-shift work only. Multiple opt-in Plaintiffs have joined this lawsuit pursuant to that notice and the deadline for responding has expired. (Docs. ##40, 43, 45-46, 51, 53-54, 58-63.) Defendants never responded to Plaintiff's motion to amend, and the Magistrate Judge granted Plaintiff leave to file an amended motion for conditional certification on August 11, 2015. (Doc. #76.) On September 2, 2015, the Court granted Plaintiff's amended motion and conditionally certified the class of individuals who worked for Defendants as non-exempt hourly employees during the past three years and (1) were required to arrive at their job before their shift began and did not receive minimum wage and/or overtime compensation for their pre-shift work (a Pre-Shift Claim); (2) were required to remain at their job after their shift ended and did not receive minimum wage and/or overtime compensation for their post-shift work (a Post-Shift Claim); and/or (3) had a thirty-minute lunch break deducted from their time records but were not permitted to take a lunch break (a Lunch Break Claim). (Doc. #81.)

In light of the new definition of the putative class, the Court directed the parties to file revised proposed notices and to

file memoranda addressing how this case should proceed in light of the fact that putative class members were already granted the opportunity to opt into this lawsuit to assert Pre-Shift Claims. (Id.)  Specifically, the parties were directed to address whether opt-in Plaintiffs who have joined this lawsuit for their Pre-Shift Claims need to opt-in once again in order to assert Post-Shift and Lunch Break Claims and whether Plaintiffs who opt-in pursuant to the forthcoming notice can assert Pre-Shift Claims even if they chose *not* to opt-in after receiving the prior notice.  (Id.) Plaintiff provided his proposal (Doc. #84) on September 2, 2015, and Defendants responded with their competing proposal (Doc. #85) on September 28, 2015.  Attached hereto as Exhibits A and B are the Court's Notice and Consent to Join, which reflect the Court's resolution of the remaining open issues discussed below.  In accordance with this Opinion and Order and the Court's September 2, 2015 Opinion and Order (Doc. #81), Plaintiff's counsel is permitted to provide notice to putative class members.

**II.**

**A. Whether Current Opt-In Plaintiffs Must Opt-In a Second Time to Assert Post-Shift and Lunch Break Claims**

As explained above, multiple opt-in Plaintiffs have joined this lawsuit pursuant to the notice that addressed only Pre-Shift Claims.  The parties disagree as to whether these Plaintiffs must opt-in a second time to assert Post-Shift and Lunch Break Claims. The FLSA requires putative class members who wish to join the

action to affirmatively opt-in. The opt-in requirement is designed to "prevent large group actions, with their vast allegations of liability, from being brought on behalf of employees who had no real involvement in, or knowledge of, the lawsuit." Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1248 (11th Cir. 2003) (quoting United Food & Commercial Workers Union, Local 1564 of New Mexico v. Albertson's, Inc., 207 F.3d 1193, 1200 (10th Cir. 2000)). Accordingly, it would be contrary to the purposes of the FLSA to permit Plaintiffs to recover for Post-Shift and Lunch Break Claims without first affirmatively opting-in. Therefore, current opt-in Plaintiffs must file a second consent to join if they seek to assert Post-Shift and Lunch Break Claims in this collective action.

**B. Whether Plaintiffs Who Opt-In Pursuant to the Forthcoming Notice but Did Not Opt-In Pursuant to the Previous Notice May Assert Pre-Shift Claims**

As explained above, potential class members have already been given an opportunity to join this lawsuit to assert Pre-Shift claims, and many have chosen to do so. (Docs. ##40, 43, 45-46, 51, 53-54, 58-63.) The parties disagree as to whether the forthcoming notice should allow potential class members to opt-in for all three types of claims or whether they should be limited to Post-Shift and Lunch Break Claims only. While the Court agrees with Plaintiff that it would be preferable to have one notice which addresses all three types of claims, the need to provide multiple notices occurred as a result of Plaintiff's decision to ignore the

Magistrate Judge's Stay and instead mail the original notice while his motion for leave to amend was pending. Accordingly, the Court sees no reason to provide putative class members a second opportunity to assert Pre-Shift Claims. Therefore, the forthcoming notice will inform potential class members that if they did not opt-in pursuant to the April 2015 notice, they may assert only Post-Shift and Lunch Break Claims.

**C.    Plaintiffs' Potential Liability for Costs And Fees**

Defendants object to Plaintiff's proposed notice because it does not warn putative class members of their potential liability for Defendants' costs and fees. If Defendants prevail in this action, they would be entitled to recover their taxable costs from Plaintiffs. Additionally, should the Court conclude that this case was brought in bad faith, Defendants also would be entitled to recover their attorneys' fees. <u>Abdul-Rasheed v. KableLink Commc'ns, LLC</u>, No. 13-CV-879, 2013 WL 6182321, at *5 (M.D. Fla. Nov. 25, 2013). Defendants argue that the Notice should warn potential class members of this possibility. Plaintiff opposes such a warning. Given the chilling effect such a warning may have on a potential class member's decision to opt-in, the Court will decline to include such language in the Notice. <u>Id.</u> at *6 ("With respect to the [plaintiffs'] potential liability for costs, the Court concludes that a warning would undermine the FLSA's goal of encouraging full enforcement of statutory rights because the warning might dissuade people from joining the lawsuit."). Of

course, the Court's decision not to include such language does not absolve Plaintiff's counsel of his typical attorney-client duty to adequately inform opt-in plaintiffs of the risks and responsibilities associated with joining this collective action.

**D. Plaintiffs' Right to Retain Their Own Counsel and Their Responsibility to Participate in Discovery**

Finally, Defendants object to Plaintiff's proposed notice because it fails to advise potential plaintiffs about their right to have their own attorney and about the possibility of having to participate in the discovery process.  The Court agrees with Defendants and has modified the attached notice accordingly.  See Bennett v. Hayes Robertson Grp., Inc., 880 F. Supp. 2d 1270, 1285 (S.D. Fla. 2012).

Accordingly, it is hereby

**ORDERED:**

1.   Counsel for Plaintiff is authorized to provide notice of this lawsuit to putative class members on or before November 6, 2015.  The "Notice of Pendency of FLSA Lawsuit" and the associated "Consent to Join" shall be substantially in the same form as those attached as Exhibits A and B to this Opinion and Order.  The Notice and Consent to Join shall be mailed via first class U.S. Mail, at the sole cost and expense of Plaintiff, to all putative class members.  Upon mailing the Notice and Consent to Join, Plaintiff's counsel shall promptly file a notice of compliance.

2. Putative class members shall have until February 5, 2016 to complete and return Consents to Join to Plaintiff's counsel. Each Consent to Join returned to Plaintiff's counsel shall be deemed timely if post-marked, or delivered to a commercial carrier who provides a receipt, by February 5, 2016.

3. Individuals who timely opt into this collective action pursuant to this Court's supervised notice procedure shall be deemed joined as opt-in plaintiffs for all purposes under the Federal Rules of Civil Procedure and under the orders of this Court through trial and appeal, if any, subject to any motion for decertification or representative discovery, and may be represented at any settlement, mediation or trial by the named Plaintiffs at the time, pending further orders of the Court.

4. For a period of ninety (90) days beginning on the date Plaintiff provides notice to putative class member, Defendants shall post a copy of the Notice in each of its locations where a putative class member is employed, in a conspicuous place where putative class members are likely to see it

**DONE and ORDERED** at Fort Myers, Florida, this ___27th___ day of October, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record